[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISSOLVE GARNISHMENT ISSUE
Defendant moves to dissolve on the grounds that the doctrine of sovereign immunity protects public officials acting in their official capacities from garnishment.
FACTS
On February 15, 1990 the plaintiff filed a six-count complaint against the defendants, Bruce A. Ronning, Bruce A. Ronning, Jr. and Bonnie Ronning, d/b/a Air One, Inc., Air One Bradley, Inc., Air One Brainard, Inc.
On February 7, 1990 this court ordered the prejudgment remedy that garnisheed goods of the defendants in the amount of $500,000 held by the garnishees Advest Bank, Advest Incorporated, Suffield Bank, United Bank, Gersten Clifford and Robert Schor, Esquire. On March 6, 1990 this court, Freed J., granted a supplemental garnishment of goods of the defendant held by American National Bank, First National and Landmark Bank and Michael J. DiDonato, clerk of the Superior Court (clerk).
The money held by the clerk, DiDonato, and garnisheed by the order of the court, had been seized on February 2, 1990 by the Hartford Police Department as a result of a related criminal case. State of Connecticut v. Bruce and Bonnie Ronning, D. Nos. 546311 and 546310 (Judicial District of Hartford/New Britain at Hartford, Norko, J.). On March 29, 1990, the court, (Norko, J.) ordered the clerk to pay various amounts of money and property seized to federal authorities or to the persons from whom they were seized. All funds were dispersed as ordered except those seized from Advest, Inc., which are subject to the garnishment order by Freed, J., which is still in effect on the clerk. CT Page 1413
On April 24, 1990, the garnisheed clerk filed this motion to dissolve the ex parte prejudgment garnishment with a supporting memorandum. The plaintiff filed a memorandum in opposition on May 18, 1990.
LAW
Plaintiff's rights of garnishment or foreign attachment derive solely from statute. C.G.S. Chapter 905.[1] The statute is at some pains to describe the method for garnisheeing corporations, persons, banks, trust companies, partnerships, decedents' or insolvents' estates and even mortgages. It never mentions a right against the state or even a municipality.
In Stillman v. Isham, 11 Conn. 123, our Supreme Court of Errors held that, "The prevailing principle, in all these cases is, that public officers, who are bound to transact the public's business, by certain rules, and in certain forms, shall not be exposed to the expense, inconvenience and hazard incident to this process." (Punctuation in original). id. 127. That was in 1835 and since then our legislature has often amended the statute. It never added a right to garnishee the state.
Motion to dissolve is granted.
N. O'NEILL, J.